IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| Harsco Corporation *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:12cv587 (AJT/TRJ) |
| | ) | |
| Harscobc.com | ) | |
| *an Internet Domain Name*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiffs' motion (no. 17) for default judgment against the defendant domain name. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa) and (bb), plaintiffs were required to provide notice to the registrant via first class mail and e-mail, and also required by the court pursuant to the order of publication (no. 13) to publish notice by publishing a copy of the complaint in *The Washington Times* once within fourteen (14) days of the entry of the order. Plaintiffs sent a letter via first class mail and an e-mail to the registrant of the domain name on May 29, 2012 (no. 15). Plaintiffs did so publish a copy of the order in *The Washington Times* on June 29, 2012 (no. 14). Plaintiffs have received no response from the registrant and have exhausted all measures to contact the registrant (no. 15). The Clerk entered default on July 24, 2011 (no. 16). Upon consideration of plaintiffs' motion and the memorandum in support thereof, the magistrate judge makes findings as follows and recommends that default judgment be entered in plaintiff Harsco Technologies, LLC's favor against the defendant domain name.

## Jurisdiction and Venue

This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). There is *in rem* jurisdiction over the defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(A), as the defendant domain name violates plaintiff Harsco Technologies, LLC's registered marks, and plaintiffs cannot obtain *in personam* jurisdiction over the defendant domain name's registrant, an entity of unknown location that likely does not have sufficient contacts with this district. Venue is proper pursuant to 15 U.S.C. § 1125(d)(2)(A) and (C) because the domain name registry for the defendant domain name (VeriSign, located in Dulles, Virginia) is located in this district.

## Standard

Federal Rule of Civil Procedure 55 permits the court to grant a motion for default judgment where the well-pled allegations of the complaint establish plaintiff's entitlement to relief, and where a defendant (or in a case such as this, a domain name's registrant) has failed to plead or defend as provided by and within the time frames contained in the rules. *Music City Music v. Alfa Foods, Ltd.,* 616 F. Supp. 1001, 1002 (E.D. Va. 1985); Fed. R. Civ. P. 55. By defaulting, a defendant or registrant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan*); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has effect of admitting factual allegations in complaint); *Marion County Court v. Ridge*, 13 F.2d 969, 971 (4th Cir. 1926) (default admits well-pled facts) (citations omitted).

**Factual Background**

The well-pled allegations of the complaint establish the following facts:

Plaintiff Harsco Corporation is a Delaware corporation with its principal place of business at 350 Poplar Church Road, Camp Hill, PA 17011. Compl. ¶ 12. Plaintiff Harsco Technologies, LLC is a Minnesota limited liability company with its principal place of business at 415 North Main Street, Fairmont, MN 56031. Compl. ¶ 13. The defendant domain name's registration information is obscured by an alias and, because of this, plaintiffs are unable to determine the registrant's identity or location. Compl. ¶ 14.

Plaintiff Harsco Technologies, LLC is the owner of U.S. Trademark Registration Nos.: 3,161,760; 3,994,444; and 3,898,524.[1] Compl. ¶ 18. These registrations cover the HARSCO mark, as well as marks used in connection with that mark. *Id*. Plaintiffs are involved in numerous businesses, involving infrastructure, metals, and minerals. Compl. ¶ 15. Plaintiffs have consistently used the HARSCO mark since 2005 and operate a website at the domain name "harsco.com." Compl. ¶¶ 16-17.

Defendant domain name is located at "harscobc.com," adding the letters "bc" to plaintiffs' registered domain name and Harsco Technologies, LLC's registered mark. Compl. ¶¶ 20-21. The company name listed on this website is "Harsco Consulting," which purports to provide financial risk management, human resources, and strategic planning services. Compl. ¶ 22; Compl. Exh. H. A representative of defendant domain name has been contacting individuals using the email address "derek.freeman@harscobc.com" soliciting personal and financial

---

[1] The precise relationship between the plaintiffs is unclear from the pleadings. However, the magistrate judge finds that Exhibits E-G to the Complaint clearly indicate that Harsco Technologies, LLC is the registered owner of the marks in question. This finding is sufficient for disposition of the matter at hand.

information, ostensibly in connection with offers of employment.  Compl. ¶ 22; Compl. Exh. I. Plaintiffs have not authorized the use of its marks in connection with defendant domain name. Compl. ¶ 31.

## Discussion and Findings

Plaintiffs allege violations of the ACPA pursuant to 15 U.S.C. § 1125(d)(1)(A)(i) and (ii)(I).  Accordingly, the burden is on plaintiffs to show that (1) the registrant of the defendant domain name "has a bad faith intent to profit" from the use of plaintiffs' mark in the domain name; (2) plaintiffs' mark is distinctive and was distinctive at the time of registration of the defendant domain name; and (3) the defendant domain name "is identical or confusingly similar to" plaintiffs' mark.  15 U.S.C. § 1125(d)(1)(A).

15 U.S.C. § 1125(d)(1)(B)(i) provides a non-exhaustive list of nine factors to be considered when determining the existence of a "bad faith intent to profit."  Those factors are:

(I) the trademark or other intellectual property rights of the person, if any, in the domain name;

(II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;

(III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

(IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

(V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

(VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or

> the person's prior conduct indicating a pattern of such conduct;
>
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
>
> (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
>
> (IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of [15 U.S.C. § 1125(c)].

15 U.S.C. § 1125(d)(1)(B)(i).

First, the magistrate judge finds that the well-pled facts of the complaint establish that the registrant registered the defendant domain name with a bad faith intent to profit. The registrant does not have any trademark or other intellectual property rights in plaintiff Harsco Technologies, LLC's marks. The domain name in question was only registered on March 25, 2012, so the registrant lacks any basis to claim protection based on prior use of the mark. Compl. Exh. A. Further, the registrant is not using the defendant domain name to display a site that uses plaintiff's marks in a bona fide noncommercial or fair use manner. *Cf. Lamparello v. Falwell*, 420 F.3d 309, 320 (4th Cir. 2005) (use of a domain name for criticism constitutes bona fide noncommercial or fair use under the ACPA). While the registrant is not cybersquatting or using the domain name to directly compete with plaintiff's business, it is using plaintiff's marks solely for commercial benefit, usurping plaintiff's goodwill and thereby potentially tarnishing that goodwill. The defendant domain name is also nearly identical to that of plaintiffs' website, simply adding the two characters "bc" to plaintiffs' own site name, causing a significant

likelihood of confusion as to any affiliation between plaintiffs and defendant domain name.

It is clear that the registrant is using its site and at least one related email address to likely illegally solicit personal and financial information. This fact and the absence of any evidence to indicate that the registrant undertakes any legitimate business activities through the use of defendant domain name only further supports a finding of bad faith intent. Finally, the masking of its contact information through the use of a third party supports a finding of bad intent on the part of the registrant.

Second, the magistrate judge finds that plaintiff Harsco Technologies, LLC's marks, which are incorporated in the defendant domain name, are distinctive within the meaning of 15 U.S.C. § 1125(c). Plaintiff's HARSCO marks are distinctive and the various marks allegedly infringed have been used in commerce by plaintiffs since 2005. The HARSCO marks are suggestive, in that they "connote[s], without describing," the goods and services provided by plaintiffs, i.e., infrastructure, metal, and minerals. *Venetian Casino Resort, LLC v. venetiangold.com*, 380 F. Supp. 2d 737, 742 (E.D. Va. 2005) (Lee, J.). Suggestive marks are inherently distinctive. *Id.* at 741 (citing *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 464 (4th Cir. 1996). Accordingly, plaintiff's HARSCO marks are distinctive. Plaintiffs have been selling its products under the HARSCO name since 2005, and registered the marks at issue on October 24, 2006, July 12, 2011, and January 4, 2011 respectively. Compl. Exhs. E, F, G. Thus, plaintiff's marks were distinctive on March 25, 2012, when the defendant domain name was registered. Compl. Exh. A.

Third, the magistrate judge finds that the defendant domain name is confusingly similar to plaintiff Harsco Technologies, LLC's marks. The defendant domain name consists entirely of plaintiff's HARSCO marks, with the minor addition of the letters "bc" at the end. Further, on

defendant domain name's homepage, the business name provided, "Harsco Consulting," is identical to plaintiff's marks, merely adding the word "consulting."

Fourth, the magistrate judge accordingly finds that plaintiff Harsco Technologies, LLC is entitled to transfer of the defendant domain name pursuant to 15 U.S.C. § 1125(d)(2)(D)(i).

## Recommendation

The magistrate recommends that default judgment be entered against the defendant domain name in favor of plaintiff Harsco Technologies, LLC, and that ownership of the defendant domain name be transferred to plaintiff Harsco Technologies, LLC.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to the registrant at its registered address, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

October 1, 2012
Alexandria, Virginia